UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TACHINA GARRETT, | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-13857 |
| | ) |
| v. | ) |
| | ) |
| HARVARD MAINTENANCE, INC., | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

## COMPLAINT

Plaintiff, Tachina Garrett ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Harvard Maintenance, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Tachina Garrett, resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant Harvard Maintenance, Inc., is a corporation doing business in and for Cook County whose address is 33 W. Monroe Street, Suite 2325, Chicago, IL 60603.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff (female) was hired by Defendant as a Maintenance Worker on or about September 1, 2022.

12. Plaintiff performed a specific job which was an integral part of the business of Defendants.

13. Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

14. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

15. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

16. During her employment for Defendant, Plaintiff met or exceed Defendant's performance expectations in all areas.

17. On or about November 29, 2022, Plaintiff was transferred to a new location.

18. During her very first shift, her direct supervisor (name unknown), began sexually harassing Plaintiff.

19. This supervisor would make inappropriate comments, repeatedly saying "You're so beautiful", "Is that your real hair?", "Can I touch it?", "I love your beautiful smile", and more.

20. These unwanted advances made Plaintiff extremely uncomfortable.

21. The supervisor even went as far as telling Plaintiff, "We can leave work early and go have drinks."

22. Unfortunately, because this supervisor held a position of power over Plaintiff, she

did not feel comfortable reporting his conduct in that moment.

23. Plaintiff reluctantly returned to work at this location the following day, on or about November 30, 2022.

24. After lunch, the same supervisor approached Plaintiff and said, "Come with me to the bathroom so I can show you how to restock."

25. Plaintiff, not wanting to disobey a supervisor, obliged, and followed him to the bathroom.

26. Once they got close to the bathroom, the supervisor suddenly leaned in and tried to kiss plaintiff.

27. Plaintiff immediately began saying "No" to the supervisor, but he persisted.

28. He continued to try and kiss Plaintiff and put his arms around her.

29. This unwanted and persistent physical conduct was so shocking that Plaintiff was left with no choice but to begin yelling at the supervisor to stop.

30. As soon as she was able to free herself from his grasp, Plaintiff removed herself and texted Defendant's scheduler to inform her that she could not return to that particular location due to the severe and pervasive sexual harassment.

31. Plaintiff also sent an email to Human Resources informing them of same.

32. That very same day, Plaintiff was taken off schedule due to a "pending investigation".

33. Later, Plaintiff was told that there was not enough evidence and they closed the investigation.

34. Plaintiff, who desperately needs a job, calls weekly to ask if she has been put on

4

Defendant's schedule.

35. Every time Plaintiff calls, her calls are ignored, or she is told that there are no shifts for her.

36. Plaintiff's shifts were taken away from her in retaliation for reporting the sexual harassment and sexual discrimination she endured.

37. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individual that repeatedly sexually harassed Plaintiff had supervisory authority over her, and the harassing and discriminatory conduct occurred at work.

38. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to Defendant.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

39. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

40. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

41. Defendant knew or should have known of the harassment.

42. The sexual harassment was severe or pervasive.

43. The sexual harassment was offensive subjectively and objectively.

44. The sexual harassment was unwelcome.

45. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

47. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

48. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

50. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

51. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

52. Plaintiff's was singled out and discriminated against on the basis of Plaintiff's sex.

53. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex.

54. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

55. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

56. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

57. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

58. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

59. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

61. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff..

62. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, including but not limited to losing hours and being removed from the schedule.

63. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Liquidated damages;

    h.    Punitive damages;

    i.    Reasonable attorney's fees and costs; and

    j.    For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th day of September, 2023.

/s/ *Chad W. Eisenback*
**MOHAMMED BADWAN, ESQ.**
IL Bar No.:6299011
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*